## IN THE CIRCUIT COURT OF PANOLA COUNTY, MISSISSIPPI

**Meledia Freeman, as the Administrator of the Estate of Albert Pritchard, deceased and on behalf of her heirs and beneficiaries,**

SECOND JUDICIAL DISTRICT

**Plaintiff,**

**v.**

CASE NO. CV 2014-77 SMP 2

JURY DEMANDED

**GGNSC Batesville, LLC d/b/a Golden Living Batesville,**
**Golden Gate National Senior Care, LLC,**
**GGNSC Equity Holdings, LLC,**
**GGNSC Clinical Services, LLC,**
**GPH Batesville, LLC,**
**GGNSC Holdings, LLC,**
**GGNSC Administrative Services LLC**
**Geary Property Holdings, LLC,**
**Beverly Enterprises Inc.,**
**Pearl Senior Care, LLC, and**
**Drumm Corp, LLC,**

**Defendants.**

### COMPLAINT

Comes now the plaintiff by and through her attorneys and for her complaint states and alleges:

1.     Albert Pritchard was admitted to the Golden Living Center in Batesville, Panola County, Mississippi on April 4, 2012.

2.     Meledia Freeman is the duly appointed Administrator of the Estate of Albert Pritchard.

3.     Jurisdiction and venue are proper in this court.

4.     GGNSC Batesville is a Delaware for-profit limited liability company with its principal place of business in Batesville, Mississippi.  At all times relevant to this action GGNSC

FILED

MAR 27 2014

MELISSA MEEK-PHELPS
CIRCUIT CLERK

1

Batesville LLC had a license to operate a skilled nursing facility known as the Golden Living Center Batesville.

5.     At all relevant time Golden Living Center Batesville did business as a for-profit nursing home. Golden Living Center Batesville was in business of providing care and treatment to people who were unable to care for themselves.

6.     GGNSC ADMINISTRATIVE SERVICES LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas. At all relevant times, GGNSC Administrative Services provided administrative and related services to Golden Living Center Batesville pursuant to written contracts.

7.     At all relevant times defendant GGNSC ADMINISTRATIVE SERVICES, LLC received money and profited from the operation of Golden Living Center Batesville. Moreover, GGNSC Administrative Services, LLC controlled or had the right to and did control the financial aspects of operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

8.     GGNSC CLINICAL SERVICES LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas. GGNSC Clinical Services provides clinical services to Golden Living Center Batesville pursuant to a written contract.

9.     At all relevant times defendant GGNSC CLINICAL SERVICES, LLC received money and profited from the operation of Golden Living Center Batesville. Moreover, GGNSC Clinical Services, LLC controlled or had the right to and did control the clinical aspects of operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

10.     Golden Gate National Senior Care LLC is a Delaware limited liability company.

2

Golden Gate National Senior Care LLC is the sole member of GGNSC Equity Holdings LLC. GGNSC Holdings LLC is the sole member of Golden Gate National Senior Care LLC.

11.     At all relevant times defendant Golden Gate National Senior Care LLC received money and profited from the operation of Golden Living Center Batesville. Moreover, Golden Gate National Senior Care Center, LLC controlled or had the right to and did control both the clinical and financial aspects of operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

12.     GGNSC Equity Holdings is a Delaware limited liability company. GGNSC Equity Holdings LLC is the sole member of GGNSC Batesville LLC. In addition GGNSC Equity Holdings LLC leases the real property of the Golden Living Center Batesville from GPH Batesville LLC. In turn GGNSC Equity Holdings LLC subleases the real property to GGNSC Batesville LLC. GGNSC Equity Holdings leases the real property to an entity of which it the sole member.

13.     At all relevant times defendant GGNSC Equity Holdings LLC received money and profited from the operation of Golden Living Center Batesville. Moreover, GGNSC Equity Holdings, LLC controlled or had the right to and did control the clinical and financial aspects of operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

14.     GPH Batesville LLC is a Delaware Limited Liability Company and is the owner of the real estate where Golden Living Center Batesville is located. GPH Batesville LLC leases the real estate to GGNSC Equity Holdings LLC who in turn subleases the property to GGNSC Batesville LLC. GPH Batesville, LLC sole member is Geary Property Holdings, LLC.

15.     At all relevant times defendant GPH Batesville LLC received money and profited

from the operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

16.     GGNSC Holdings LLC is a Delaware Limited Liability Company.  GGNSC Holdings, LLC had the right to and did control, direct and/or otherwise manage the care given at the Golden Living Center Batesville nursing home.

17.     At all relevant times defendant GGNSC Holdings LLC received money and profited from the operation of Golden Living Center Batesville.  Moreover, GGNSC Holdings, LLC controlled or had the right to control the clinical and financial aspects of operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

18.     Geary Property Holdings LLC is a Delaware Limited Liability Company with its principal place of business in Fort Smith, Arkansas.  Geary Property Holdings, LLC is the sole member of GPH Batesville, LLC.

19.     At all relevant times defendant Geary Property Holdings, LLC received money and profited from the operation of Golden Living Center Batesville.  Moreover, Geary Property Holdings, LLC was a member of the joint enterprise that operated the Golden Living Center Batesville.

20.     Beverly Enterprises, Inc. is a foreign for-profit corporation.  Beverly Enterprises, Inc. is the sole member of Geary Property Holdings, LLC.

21.     At all relevant times, defendant Beverly Enterprises, Inc. received money and profited from the operation of Golden Living Center Batesville.  Moreover, Beverly Enterprises, Inc. was a member of the joint enterprise that operated the Golden Living Center Batesville.

22.     Pearl Senior Care, LLC is a Delaware Limited Liability Company.  Pearl Senior

4

Care, LLC owns and controls all of the stock Beverly Enterprises, Inc.

23.     At all relevant times, defendant Pearl Senior Care, LLC received money and profited from the operation of Golden Living Center Batesville.  Moreover, Pearl Senior Care, LLC was a member of the joint enterprise that operated the Golden Living Center Batesville.

24.     Drumm Corp, LLC is a Delaware Limited Liability Company, is the sole member of both Pearl Senior Care, LLC and GGNSC Holdings, LLC as well as being the parent company of all the defendants.  Drumm Corp, LLC had the right to and did control, direct and/or otherwise manage the care given at the Golden Living Center Batesville nursing home and controlled all the other defendants directly or indirectly.  Drumm Corp, LLC had the right to control the amount of money and resources spent on resident care at the Golden Living Center Batesville. Drumm Corp, LLC also had the ability to control the rents that was charged to the Golden Living Center Batesville.

25.     At all relevant times defendant Drumm Corp, LLC received money and profited from the operation of Golden Living Center Batesville.  Moreover, GGNSC Holdings, LLC controlled or had the right to control the clinical and financial aspects of operation of Golden Living Center Batesville and was a member of the joint enterprise that operated the Golden Living Center Batesville.

26.     Upon information and belief all the defendants are controlled directly or indirectly by the same individual Mr. Ronald Silva.

27.     Plaintiff has complied with all statutory conditions precedent or concurrent with bringing this action.  Plaintiff has provided Defendants with legally sufficient pre-suit notice of her intent to institute these proceedings pursuant to Miss. Code. Ann. § 15-1-36. See Notices of Intent, attached hereto as **Exhibit "A**."  Plaintiff attaches as **Exhibit "B"** to this Complaint the

Certificate of Expert Consultation pursuant to Miss. Code. Ann. § 11-1-58.

JOINT ENTERPRISE

28.     The defendants are and at all relevant times were engaged in a joint enterprise, in

that:

1.      GGNSC Batesville LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC, GGNSC Administrative Services LLC, GPH Batesville LLC, GGNSC Holdings LLC, Geary Property Holdings, LLC, Beverly Enterprises, Inc., Pearl Senior Care, LLC and Drumm Investors, LLC had a mutual understanding for the common purpose of operating the Golden Living Center Batesville; and

2.      GGNSC Batesville LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GPH Batesville LLC, GGNSC Clinical Services LLC, GGNSC Administrative Services LLC, GGNSC Holdings LLC, Geary Property Holdings, LLC, Beverly Enterprises, Inc., Pearl Senior Care, LLC and Drumm Corp each had a right to a voice in the direction and control of the means to carry out this common purpose.

29.     The defendants are an association of entities that operate as a joint venture or a single business enterprise for profit. The defendants combine their property, money, skill and knowledge to operate Golden Living Center Batesville. At all times relevant hereto Defendants were engaged in a common enterprise or joint venture for profit. The defendants established the many corporations to divert resources and profits that would otherwise be available for resident care and for the purpose of avoiding responsibility and liability for the injuries to the residents of the nursing homes they operate and control. The diversion of these resources and profits directly affected the care given to Albert Pritchard and was a proximate cause of his injuries and death.

30.     GGNSC Batesville, LLC's sole member is GGSNC Equity Holdings, LLC. The real property where the Golden Living Center Batesville operates is owned by GPH Batesville, LLC who leases the property to GGNSC Equity Holdings, LLC who in turn sub-leases the property to GGNSC Batesville, LLC of which it is the sole member.

31.     GGNSC Equity Holdings, LLC sole member is Golden Gate National Senior Care, LLC.  Golden Gate National Senior Care LLC sole member is GGNSC Holdings LLC. GGNSC Holdings LLC sole member is Drumm Corp, LLC.

32.     GGNSC Administrative Services, LLC sole member is GGNSC Holdings, LLC.

33.     GGNSC Clinical Services, LLC sole member is Golden Gate National Senior Care, LLC.

NEGLIGENCE

34.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 33.

35.     On April 4, 2012, Albert Pritchard was accepted as a resident at Golden Living Center Batesville.

36.     Albert Pritchard required skilled nursing care and was totally dependent upon defendants for his care.  By accepting Albert Pritchard as a resident at Golden Living Center Batesville, defendants agreed to provide him with skilled nursing care and activities of daily living so that he could attain or maintain his highest practicable physical, mental and psychosocial well-being and to meet his needs.

37.     Defendants had the right to and did in fact participate, control and direct the day-to-day operation of the Golden Living Center Batesville, including the manner in which Golden Living Center Batesville treated and cared for Albert Pritchard.  The direct participation and control of the defendants over Golden Living Center Batesville went beyond mere oversight and commission of acts consistent with any investor or owner and was a proximate cause of the injuries and death of Albert Pritchard.

38.     Defendants owed a duty of care to Albert Pritchard, which included, but was not

7

limited to:

a. Complying with applicable federal regulations, state statutes and rules, and professional standards of care regarding the operation of a nursing home;

b. Caring for Albert Pritchard in a manner and in an environment that promotes maintenance or enhancement Albert Pritchard's quality of life;

c. Ensuring that Albert Pritchard received the necessary care and services to attain or maintain his highest practicable physical, mental and psychosocial well-being;

d. Providing sufficient trained nursing staff to provide nursing and related services to allow Albert Pritchard to attain or maintain his highest practicable physical, mental, and psychosocial well-being;

e. Ensuring that direct care staff were competent and trained in the skills and techniques necessary to care for Albert Pritchard's needs, and were able to perform their assigned duties;

f. Providing sufficient goods and services for Albert Pritchard as were necessary for him to avoid physical harm and mental anguish; and

g. Ensuring that the facility be administered in a manner that enables it to use it resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident including Albert Pritchard.

39. Defendants were negligent in the care and treatment of Albert Pritchard. Defendants breached each of the duties they owed to Albert Pritchard, set forth in paragraph 38. As a direct result of the breach of these duties Albert Pritchard suffered injuries.

40. Moreover, the licensed and non-licensed staff at Golden Living Center Batesville's, had a duty to provide personal care to Albert Pritchard, including providing food, water, and personal hygiene that was within the general knowledge and experience of lay people. The defendants were negligent in that they failed to provide even these most basic needs to Albert Pritchard.

41. The defendants were each negligent by failing to provide reasonable day-to-day administrative, operational, planning, management, and quality control services of Golden

Living Center Batesville. As a direct result of these failures Albert Pritchard suffered injuries.

42.     Defendants failed to have sufficient trained nursing staff and adequate supplies at the Golden Living Center Batesville to provide nursing and related services to allow Albert Pritchard to attain or maintain the highest practicable physical, mental, and psychosocial well-being. As a direct result of this failure Albert Pritchard suffered injuries.

43.     Defendants failed to supervise resident care, failed to enforce resident care guidelines, and failed to ensure that direct care staff at the Golden Living Center Batesville were competent in the skills and techniques necessary to care for Albert Pritchard's needs and able to perform their assigned duties. As a direct result of these failures Albert Pritchard suffered injuries.

44.     Defendants' negligence resulted in the dangerous delivery of health care to the residents of Golden Living Center Batesville, including Albert Pritchard, all of which caused Albert Pritchard to suffer injuries.

MEDICAL MALPRACTICE

45.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 44.

46.     Defendants as well as their owners, agents, servants and employees had a duty and were guilty of negligence by failing to meet the requisite standard of due care, skill and practice ordinarily exercised by members of their profession under the same or similar circumstances in one or more of the following ways:

     a.     By failing to consistently monitor and assess Albert Pritchard's physical condition;

     b.     By failing to adequately supervise or monitor Albert Pritchard's care and condition so as to prevent fractures;

c.      By failing to prevent;

d.      By failing to provide a safe environment and prevent falls;

e.      By failing to keep Albert Pritchard free from abuse and neglect;

f.      By failing to treat Albert Pritchard in a dignified manner;

g.      By failing to provide Albert Pritchard with adequate nursing care.

h.      By failing to prevent falls and minimize the risk of injury from falls.

47.     As a direct and proximate result of the negligence of defendants, Albert Pritchard suffered the following serious and permanent injuries:

a.      serious, permanent and debilitating bodily injuries;

b.      excruciating physical pain and anguish; and

c.      fractures.

<u>DAMAGES</u>

48.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 47.

49.     Albert Pritchard and his family share no blame or comparative fault in this matter, nor did they cause or contribute to cause his injuries and death.

50.     As a proximate result of the above conduct, Plaintiff is entitled to damages for medical expenses and costs, pain, suffering, mental anguish, scars and disfigurement, disability, loss of quality of life and personal dignity, humiliation, fright, and emotional distress in an amount to be determined by a jury, but in excess of $10,000.00.

51.     The acts and omissions of defendants were motivated by a desire to increase the profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury and death.

52.     Defendants' acts and omissions were wanton, willful, in conscious disregard to the

health and well-being of Albert Pritchard, and/or in reckless disregard to his safety.

      53.    Punitive or exemplary damages are justified.

      54.    Plaintiff demands a trial by jury.

      WHEREFORE, plaintiff asks for judgment jointly and severally against defendants in an amount that is fair and reasonable and in excess of the jurisdictional minimum, for punitive damages, attorney fees, costs, prejudgment interest, and for such other relief as this Court deems just and proper.

      Respectfully submitted,

PETER GEE (MS BPR# 100589)
MORGAN & MORGAN - Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Office: 901-333-1817
Fax:    901-333-1897
pgee@forthepeople.com

David A. Couch, AR BPR# 1985033
1501 N. University, Suite 228
Little Rock, AR 72207
(501) 661-1300-Telephone
(501) 661-8383-Facsimile
dacouch@aristotle.net